UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-10762-GAO

GLORIA ANN PARKER,
Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Defendant.

OPINION AND ORDER
August 9, 2017

O'TOOLE, D.J.

The plaintiff, Gloria Ann Parker, appeals the denial of her application for Social Security Disability Benefits ("DIB") by the Commissioner of Social Security ("Commissioner"). Before the Court are the plaintiff's Motion for Order Reversing Commissioner's Decision (dkt. no. 16) and the Commissioner's Motion to Affirm the Commissioner's Decision (dkt. no. 22). After consideration of the administrative record and the parties' memoranda, the Court rejects two of the grounds for reversal urged by the plaintiff and remands the case to the Administrative Law Judge for consideration of a third issue that was not adequately addressed by him.

## I. Procedural History

Parker applied for DIB on January 8, 2013, alleging disability beginning May 1, 2012. (Administrative Tr. at 19 [hereinafter R.]).[2] Her application was initially denied on September 4,

---

[1] Nancy A. Berryhill is now the acting Commissioner of the Social Security Administration. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is automatically substituted as the defendant in this action.

[2] The administrative record has been filed electronically. The record is in its original paper form, with the page numbers in the lower right-hand corner of each page. Citations to the record are to the pages as originally numbered, rather than to numbering supplied by the electronic docket.

2013, (id. at 120), and upon reconsideration on October 16, 2013, (id. at 126). The plaintiff then requested a hearing, (id. at 129), which was held before Administrative Law Judge Sean Teehan ("ALJ") on September 25, 2014, (id. at 33). Subsequently, the ALJ issued an unfavorable decision, finding that Parker had the residual functional capacity to "perform her past relevant work as a fast food manager and fast food cook as that work was actually and generally performed, and as a fast food worker as that work is generally performed." (Id. at 16, 25.) Based on this analysis, the ALJ found that "the claimant [had] not been under a disability, as defined in the Social Security Act, from May 1, 2012, through the date of [his] decision." (Id. at 26.) On February 22, 2016, the Appeals Council denied the plaintiff's request for review. (Id. at 1.) The denial rendered the ALJ's decision the final decision of the Commissioner, and made the case suitable for review by this Court pursuant to 42 U.S.C. § 405(g).

## **II.** **Discussion**

Under § 405(g), this Court has the power to affirm, modify, or reverse the ALJ's decision or to remand the case for a rehearing. The Court's review of the Commissioner's final decision is limited to whether or not it is "supported by substantial evidence and whether the correct legal standard was used." Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The evidence is substantial when there is "more than a mere scintilla" and "a reasonable mind might accept [it] as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). An ALJ's determination supported by substantial evidence must be upheld "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987). Questions of law, however, are reviewed *de novo*. Seavey, 276 F.3d at 9 (citations omitted).

Parker argues that the ALJ's decision should be reversed because the ALJ made a legal error and that there was a lack of substantial evidence to support his decisions. Specifically, the plaintiff argues that the ALJ erred in: (1) failing to analyze plaintiff's past relevant work as a composite job at step four; (2) discounting the opinion of the plaintiff's treating physician and failing to provide good reasons for this decision; and (3) failing to appropriately consider plaintiff's consistent work history as a factor that enhances her credibility.

Because the extensive details of plaintiff's medical history and her DIB application process are filed on the docket of this case, there is no reason to outline those details here except when necessary to discuss specific objections to the Commissioner's decision.

A. <u>The ALJ did not err in his assessment and assignment of minimal probative weight to the opinion of the plaintiff's treating physician</u>

Parker argues that the ALJ erred in his residual functional capacity analysis for three reasons. First, she alleges that in weighing the medical opinion of her treating physician, Dr. Tishler, the ALJ failed to discuss some of relevant factors listed under 20 C.F.R. § 404.1527(c), such as the treating physician's specialization, familiarity with the plaintiff's medical history, and reasonable knowledge of the impairments, as well the length of the treatment relationship. However, the ALJ "did not err by failing to expressly address each of the factors," and the plaintiff "cites no authority stating that the ALJ was required to do so." See <u>McNelley v. Colvin</u>, No. 15-1871, 2016 WL 2941714, at *2 (1st Cir. Apr. 28, 2016). Furthermore, the ALJ's decision notes the inconsistency of Dr. Tishler's opinions with the record as a whole based on "the claimant's activities of daily living, as well as with her positive response to conservative treatment." (R. at 25.)

Second, the plaintiff contends that the ALJ erred in assigning little weight to the treating physician's opinion, and that the mere existence of some contradictory evidence in the record

3

cannot support a decision to discredit the opinion of a treating specialist. There was, however, substantial evidence in the record to support the ALJ's decision to accord minimal probative weight to the treating physician's opinion.

A treating physician's medical opinion on the nature and severity of impairment is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). "[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion." 20 C.F.R. § 404.1527(c)(4).

Here, Dr. Tishler indicated in her opinion that the symptoms of pain and weakness in the plaintiff's legs as well as her fatigue are frequently severe enough to interfere with the attention and concentration required to perform simple work related tasks. (R. at 927.) Dr. Tishler's own medical records do not provide substantial support for this opinion. For example, a "patient note" for June 21, 2013, makes no reference to any complaints from Parker about foot pain or neuropathy. Rather, the patient's "problems" included "GERD, Uterine fibroids, [and] Hypertension." (Id. at 293.) It was also noted that the patient "[f]eels well without any specific complaints." (Id.) Records from other office visits contain similar notes. (See, e.g., id. at 296, 299, 302, 307, 310, 328.) The ALJ could properly have regarded Dr. Tishler's opinion as inconsistent with this medical evidence in the record and thus not worthy of being given controlling weight. Furthermore, the ALJ noted Parker's testimony that she could perform a wide range of activities of daily living such as shopping, cooking, driving, cleaning dishes, doing laundry, cleaning the bathroom, and mopping. (Id. at 24, 59–65.) He could reasonably have concluded that there was an inconsistency between those activities and Dr. Tishler's summary opinion. The ALJ also noted

that Parker declined to take medication despite her complaints of ongoing pain, and that there was evidence in the record of past success with medication. (Id. 24–25, 53, 734.)

Third, the plaintiff argues that the ALJ could have resolved his concerns regarding inconsistencies between Dr. Tishler's opinions and the record by contacting Dr. Tishler for clarification, getting a medical expert to review the record and testify at the hearing, or requesting a consultative examination. However, she does not allege or point to any authority that the ALJ was required to do so. Furthermore, this argument is misplaced because "[t]he applicant has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

B. The ALJ did not err in failing to discuss the plaintiff's work history in his opinion

Parker further argues that the ALJ erred because he failed to consider her consistent work history as a factor enhancing her credibility. She has drawn this conclusion from the fact that the ALJ failed to mention her "strong work history" in his opinion. However, she does not cite any authority for the proposition that the ALJ was required to discuss her work history in his opinion. Even if it was an error not to have done so, the blanket assertion that "this error is not harmless" is not sufficient to meet the plaintiff's burden of showing that the error was prejudicial. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (citations omitted).

C. The ALJ did not adequately address the plaintiff's "composite job" argument

At the hearing before the ALJ, the vocational expert testified that three related but distinct occupational titles – fast food manager, fast food cook, and fast food worker – could be considered for purposes of evaluating whether Parker could perform her past relevant work. In light of that testimony, the plaintiff's counsel attempted to argue that Parker's past relevant work had been in

a "composite job,"[3] but the ALJ effectively prevented a developed argument about that proposition. (R. at 94.) The argument was advanced more fully in the plaintiff's post-hearing memorandum submitted to the ALJ. (Id. at 275.)

The ALJ's decision only briefly addresses the plaintiff's ability to perform her past relevant work, and that short discussion does not expressly address the composite job issue. It is not clear whether the ALJ actually considered the argument and, if he did, what he thought of it. Because the argument was explicitly raised by the plaintiff, it needs to be explicitly addressed. It is necessary, therefore, that the case be remanded to the ALJ for that purpose.

On remand, the ALJ shall explicitly address the plaintiff's composite job argument. If he concludes that the plaintiff's past relevant work should be analyzed as a composite job, he should then explain his analysis of the past relevant work issue using that framework. Additionally, if it is necessary for the ALJ to proceed to step-five in order to determine if the plaintiff can perform jobs that exist in the national economy, he should also discuss whether 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.06 is applicable.

Alternatively, if the ALJ concludes that the composite job framework should not be used, he should explain that decision and set forth more fully his analysis of the plaintiff's ability to

---

[3] Composite jobs are jobs that have "significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982). "Such situations will be evaluated according to the particular facts of each individual case." Id. According to the SSA's Program Operations Manual System ("POMS"), a plaintiff's past relevant work could be a composite job "if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant." SSA POMS DI § 25005.020(B). At step four of the sequential evaluation, a plaintiff has the residual functional capacity for a composite job as actually performed "only if he or she can perform all parts of the job." Id. "A composite job does not have a DOT counterpart," and should not be evaluated "at the part of step [four] considering work 'as generally performed in the national economy.'" Id.

perform her past relevant work in light of the various possible occupational titles testified to by the vocational expert.

## III. Conclusion

For all the reasons stated, the plaintiff's Motion for Order Reversing Commissioner's Decision (dkt. no. 16) is GRANTED as stated herein, and the Commissioner's Motion to Affirm the Commissioner's Decision (dkt. no. 22) is DENIED.

The case is REMANDED to the ALJ for further proceedings consistent with this opinion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge